OPINION
{¶ 1} Appellant, Marie Kay Casto, the natural mother of Chase Bigham, a minor child, appeals from the judgment entered in the Fairfield County Juvenile Court permanently terminating the parental rights of appellant and Ronald Bigham, the natural father of the subject minor child, and permanently placing custody of the minor child with the Fairfield County Children's Services.
 {¶ 2} Appellant alone has filed a timely notice of appeal and assigns as error:
 ASSIGNMENTS OF ERROR I. {¶ 3} "THE COURT COMMIT [SIC] ERRED WHEN IT GRANTED THE MOTION OF FAIRFIELD COUNTY CHILDREN'S SERVICES FOR PERMANENT CUSTODY OF THE MINOR CHILD CHASE BIGHAM AS THE STATE OF OHIO FAILED TO ESTABLISH THE JURISDICTIONAL PREREQUISITES FOR A GRANT OF PERMANENT CUSTODY AS SET FORTH IN R.C. § 2151.414."
 II. {¶ 4} "THE TRIAL COURT COMMITTED PLAIN ERROR WHEN IT GRANTED THE MOTION OF FAIRFIELD COUNTY CHILDREN'S' [SIC] IN THE ABSENCE OF CLEAR AND CONVINCING EVIDENCE OF THE FACTS REQUIRED BY R.C. § 2151.414 BY CLEAR AND CONVINCING EVIDENCE."
 STATEMENT OF THE FACTS AND CASE {¶ 5} Chase Bigham, the subject minor child, was born in October of 2000. The day after his birth, the Fairfield County Children's Services sought and obtained an ex parte emergency order of custody from the Fairfield County Juvenile Court. Three years later, the Children's Services Board filed a complaint alleging that Chase Bigham was a neglected or dependent minor child and Children's Services was granted temporary custody on that date.
 {¶ 6} Thereafter, on January 23, 2001, Chase Bigham was found to be a dependent minor child and he was placed in the temporary custody of the Fairfield County Children's Services.
 {¶ 7} Following the grant of temporary custody, appellant mother appeared to work on her case plan with the goal of resuming custody of her child. On two separate occasions, Chase Bigham was returned to his mother's custody but then was returned to the temporary custody of the Children's Services Board because his mother tested positive for marijuana and had severe alcohol problems.
 {¶ 8} When Chase Bigham was not in the custody of his mother, he was placed in the temporary custody of his maternal aunt, Betty Lewis.
 {¶ 9} The record demonstrates that the natural parents of Chase Bigham at first attempted to comply with the case plan in order to be reunited with their child, but they would revert into a pattern of drug and alcohol abuse each time they were reunited with their child. The parents failed to comply with the orders relating to breathalyzer monitoring, and refused to submit to drug and alcohol screenings. Appellant mother failed to provide proof of her attendance at Alcoholic's Anonymous meetings. To further demonstrate appellant's lack of care for her child is demonstrated in the following finding made by the trial court:
"prior to Chase being removed on September 11, 2001, there was an incident, confirmed by Marie Casto, where Marie was drinking approximately five to six beers and taking medication. Marie's older daughter, Misty (approximately 16 to 17 years old at the time), was staying with Marie for the evening. Chase was asleep in his crib. Misty was concerned about his safety and requested that Marie allow Misty to take Chase to a relative's home for the evening. Marie refused to allow Misty to take Chase. Misty left that evening, but continued to worry about Chase's safety. Misty telephoned her mother's residence approximately five to six times at approximately 1:00 a.m., but no one answered at the residence of Marie Casto. Misty became increasingly worried about the safety of Chase Bigham and broke into her mother's residence. Misty found Marie Casto sleeping on a couch. Misty could not awaken her mother. Misty stuck her mother's hand in cold water to attempt to wake her up. When she was unsuccessful in awakening her mother, she rolled her mother over on her stomach and took Chase Bigham to a relative's home. Marie Casto was unaware that Chase Bigham had been removed from the residence that evening. Based on Marie Casto's testimony, she did not hear Misty enter the home that evening and did not hear Misty take Chase from the home that evening."
 {¶ 10} Clearly, the above evidence demonstrated that a 16 year old child was more fit and concerned with providing care to Chase Bigham then Chase's own mother. Although the record is replete with attempts made by the Children's Services to help appellant overcome her alcohol and drug abuse, the mother repeatedly chose drugs and alcohol over her child.
 {¶ 11} We now turn to appellant's assigned errors.
 I., II. {¶ 12} It is appellant's position through her two assigned errors that the trial court committed error by failing to place legal custody of Chase Bigham with his maternal aunt, Betty Lewis. It is appellant's position that Betty Lewis was willing to accept legal custody of Chase Bigham and therefore it was erroneous for the trial court pursuant to R.C. § 2151.414(B)(1) and § 2151.414(D)(4) to permanently terminate appellant's parental rights. In other words, it is appellant's position that R.C. § 2151.414(D)(4) prohibits a trial court from granting permanent custody to the Children's Services if a legally secure permanent placement could be achieved without the draconian measure of granting permanent custody. R.C. § 2151.414(D)(4) provides, in pertinent part:
"(D) In determining the best interest of a child the court shall consider all relevant factors, including, but not limited to, the following:
"(4) The child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency."
 {¶ 13} Appellant misreads the above quoted statutory section to mean that whenever a child can be placed in the legal custody of a fit individual, an order granting permanent custody to a Childrens Service's Agency is unlawful. We disagree. Instead, we believe the statute clearly provides that the court must determine whether the child's need's require the grant of permanent custody.
 {¶ 14} Here, the trial court first noted that Betty Lewis, the maternal aunt, did not file a motion for legal custody. However, had the trial court had before it a motion for legal custody, it was clear the trial court found that such placement would not be in the best interest of Chase Bigham. Indeed, it was clear that appellant would, at some future date, attempt to regain the custody of Chase after she achieved one year of sobriety. The trial court found that Chase needed permanence and stability and could not achieve such permanence and stability if legal custody was granted to the maternal aunt. We agree. This child has had literally no permanence and stability in his life and it would not be in his best interest for him to be involved in some future custody battle.
 {¶ 15} Accordingly, we hereby overrule appellant's two assigned errors and affirm the judgment entered in the Fairfield County Juvenile Court.
By: Boggins, J., Gwin, P.J and Hoffman, J. concur.